IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **COREY WAYNE SEDWICK** §<br>**#00902303** §<br> §<br>**V.** §     A-25-CV-00915-ADA<br> §<br>**CORAL REHABILITATION** §<br>**AND NURSING[1] OF AUSTIN OF TEXAS,** §<br>**et al.** § | | |

## ORDER

Before the Court is Plaintiff's *pro se* civil-rights complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Connally Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues a nursing home, family members, and unknown people related to the collection of insurance proceeds and the probate of his grandmother's estate. Plaintiff requests the Court to "[r]ecover [his] money from Nersing home, Bank, Thief, Copy of Signed check, unaproved paperwork used to collect fund's Funeral Paulor Info - To Collect my Insurance Polecy check. Pay for everything, Lawyer Fee's, Documents, 3X money damages. Private Investagator." Pl. Compl. at 4 (errors in original).

---

[1] The Court substitutes "Nursing" for "Nersing."

<u>DISCUSSION AND ANALYSIS</u>

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Section 1983</u>

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

Private individuals are not generally considered to be state actors for the purpose of § 1983, but "a private individual may act under color of law in certain circumstances, such as when a private

person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

Defendants are not state actors. In addition, Plaintiff has not alleged a violation of his constitutional rights.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is also warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

SIGNED on June 17, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE